# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KARL MARTIN et al.<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY | CIVIL ACTION<br><br>NO. 21-4360 |
|---|---|

## MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS

**Baylson, J.**                                                                                    **February 24, 2022**

Before the Court is Defendant LM General Insurance Company's Motion to Dismiss the Amended Complaint of Plaintiffs Karl Martin and Dorothy Martin (ECF 12).[1] Plaintiffs allege five claims against LM General: (1) breach of contract; (2) bad faith, pursuant to 42 C.S.A. § 8371; (3) unjust enrichment; (4) violation of the Pennsylvania Unfair Insurance Practices Act ("UIPA"); and (5) violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). See Amended Complaint (ECF 11) ¶¶ 3-13. Defendant seeks dismissal of all claims pursuant to Federal Rule of Civil Procedure 12(b)(6), except for the bad faith claim (Count II). For the following reasons, Defendant's motion to dismiss is granted in part and denied in part.

### I. Factual Background and Procedural History

Based on the allegations in Plaintiffs' Amended Complaint, which this Court must accept as true for purposes of Defendant's Motion to Dismiss, the relevant facts are as follows. As alleged, Plaintiff Karl Martin was injured in a motor vehicle accident on or about May 30, 2020, caused by third-party driver Tanazha Baylis. Am Compl. ¶¶ 7, 23, 26. Mr. Martin received the

---

[1] Defendant states that it is incorrectly designated as "Liberty Mutual Insurance Company" in the Amended Complaint.

full limits of bodily injury coverage under Baylis's insurance policy. Id. at ¶ 8. Mr. Martin filed a claim with his motor vehicle insurance provider, LM General, for underinsured motorist coverage ("UIM"), see id. at ¶¶ 9-11, which LM General "failed and refused to pay out," id. at ¶ 12.

On August 24, 2021, Mr. Martin and his wife Dorothy Martin brought an action against LM General in the Court of Common Pleas, Philadelphia County. See Notice of Removal (ECF 1). The action was removed to this Court on October 4, 2021, see id., and the Martins filed an amended complaint on November 29, 2021. LM General moved to dismiss on December 13, 2021; the Martins filed their response on December 28, 2021, see ECF 13, and LM General filed its reply on January 3, 2022, see ECF 14.

## II.  Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir.2002). To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009)). Importantly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### III. Discussion

#### A. Breach of Contract

The Martins allege that LM General breached their insurance policy by failing to pay benefits owed in connect to Mr. Martin's UIM claim, see Am. Compl. ¶ 15, and otherwise adhere to various other duties obligated under the contract, see id. at ¶¶ 16-17. LM General seeks dismissal on the grounds that paragraphs 16 and 17 of the Amended Complaint: (1) violate the gist of the action doctrine; (2) improperly assert a common law bad faith claim; and (3) fail to satisfy the pleading standard under Iqbal and Twombly. See Mot. 5-11. As an initial matter, the gist of the action doctrine is inapplicable here. See SodexoMAGIC, LLC v. Drexel Univ., 24 F.4th 183, 228 (3d Cir. 2022) ("Under Pennsylvania law, the gist of the action doctrine prevents a purely contractual duty from serving as the basis for a tort claim."). Next, the Martins do not plead a common law bad faith claim in their Amended Complaint, nor do paragraphs 16 and 17 assert as much. Finally, the Martins plead sufficient facts to satisfy the plausibility standard. In paragraphs 16 and 17, the Martins describe nine actions that they believe LM General engaged in that violated the insurance policy; at this stage in the proceedings, this is sufficient to allege breach of contract. Therefore, the Court will deny LM General's motion to dismiss on the breach of contract claim.

#### B. Unjust Enrichment

The Martins bring their unjust enrichment claim on the ground that, "[d]espite realizing substantial premiums from plaintiffs, [LM General] has withheld the insurance proceeds owed to plaintiffs for bodily injury damage[.]" Am. Compl. ¶ 48. LM General asks the Court to dismiss the Martins' unjust enrichment claim on the ground that the existence of a contract, i.e., the insurance policy, bars the Martins from bringing a legally cognizable unjust enrichment claim. See Mot. 11.

Under Pennsylvania law, "unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract, regardless of how 'harsh the provisions of such contracts may seem in the light of subsequent happenings.'" SodexoMAGIC, LLC, 24 F.4th at 228 (quoting Wilson Area Sch. Dist. v. Skepton, 895 A.2d 1250, 1254 (2006)). Although "a party may plead alternative theories of breach of contract and unjust enrichment when there is a dispute about the existence or validity of the contract in question," see Batoff v. Charbonneau, No. 12-5397, 2013 WL 1124497, at *9 (E.D. Pa. Mar. 19, 2013) (citing Premier Payments Online, Inc. v. Payment Sys. Worldwide, 848 F. Supp. 2d 513, 527-28 (E.D. Pa. 2012)), there is no such dispute here. The Martins allege, and LM General does not dispute, the existence of a valid insurance policy that governs the parties' relationship. Am. Compl. ¶¶ 5-7; Mot. 8; see Grudkowski v. Foremost Ins. Co., 556 F. App'x 165, 170 n.8 (3d. Cir. 2014) (non-precedential) ("Here, [the parties] had a contractual relationship, the existence and validity of which are not challenged. Thus, [the plaintiff's] claim for unjust enrichment, even when pled in the alternative, was appropriately dismissed."). Therefore, the Court will dismiss the Martins' unjust enrichment claim.

C. **Violation of the UIPA**

The Martins conclusorily allege that LM General violated the UIPA. Am. Compl. ¶ 51. LM General seeks dismissal on the ground that the UIPA does not create a private cause of action. See Mot. 12. LM General is correct: "[t]here is no private right of action under the UIPA, which can only be enforced by the state insurance commissioner." Clapps v. State Farm Ins. Cos., 447 F. Supp. 3d 293, 302 (E.D. Pa. 2020) (quoting Leach v. Nw. Mut. Ins. Co., 262 F. App'x 455, 459 (3d Cir. 2008) (non-precedential)). As the UIPA does not provide a private cause of action, the Court will dismiss the Martins' UIPA claim.

D.  **Violation of the UTPCPL**

The Martins allege that LM General violated the UTPCPL by engaging in "misleading and reckless conduct" by "promis[ing]" but failing to pay the Mr. Martin's insurance claim. Am. Compl. ¶¶ 54-59. Because an insured cannot bring a claim under the UTPCPL for a refusal to pay an insurance claim, see Horowitz v. Fed. Kemper Life Assur. Co., 57 F.3d 300, 307 (3d Cir. 1995), the Court will dismiss the Martins' UTPCPL claim.

IV.  **Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is denied as to the breach of contract claim (Count I) and granted as to the unjust enrichment, UIPA, and UTPCPL claims (Counts III-V). An appropriate Order follows.

BY THE COURT:

/s/ MICHAEL M. BAYLSON

**MICHAEL M. BAYLSON**
**United States District Judge**

O:\CIVIL 21\21-4360 Martin v. Liberty Mutual Insurance Company\MTD Memorandum.docx